# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Chapter 7 |
| | : | |
| **CAROL ANN GRONCZEWSKI,** | : | Bky. No. 09-16957 ELF |
| | : | |
| Debtor. | : | |
| | : | |

# M E M O R A N D U M

## I.

Before the commencement of this bankruptcy case, a group of creditors, Marybeth DeHanes, Jason DeHanes, Richard Fitzpatrick, and Barbara Fitzpatrick ("the Respondents"), filed a lawsuit against Carol Gronczewski ("the Debtor) and various other defendants in state court in New Jersey. In the lawsuit, the Respondents sought money damages from the defendants. After the Debtor commenced this bankruptcy case on September 15, 2009, the Respondents filed an amended complaint ("the Amended Complaint") in the New Jersey action. The Amended Complaint added additional defendants and asserted additional claims against parties other than the Debtor.

The Debtor contends that the filing of the Amended Complaint violated the automatic stay, 11 U.S.C. §362(a).

On July 1, 2010, the Debtor filed a Motion to Enjoin Continuing Violation of the Automatic Stay and for Assessment of Fees and Damages ("the Motion") The Respondents filed a response to the Motion on July 15, 2010. A hearing was held on August 11, 2010.

For the reasons set forth below, the Motion will be denied.

**II.**

The underlying facts are not in dispute.

On August 26, 2009, the Respondents filed a complaint ("the Original Complaint") in the Superior Court of New Jersey, Mercer County ("the State Court Action"), against the Debtor, Craig Gronczewski and Vanessa Gronczewski (the Debtor's son and daughter-in-law) and several entities allegedly owned or controlled by the Debtor. (Ex. R-1). The 76-paragraph Complaint asserted eight claims:

1. breach of contract;
2. unjust enrichment;
3. breach of fiduciary duty;
4. shareholder oppression;
5. conversion;
6. tortious interference with economic advantage;
7. fraudulent transfer (relating to "the Titus Mill Road Properties"); and
8. fraudulent transfer (relating to "the Bedens Brook Property").

(Id.).

On September 15, 2009, a few weeks after the filing of the State Court Action, the Debtor filed this chapter 7 bankruptcy case. There is no dispute that, shortly thereafter, the Respondents received notice of the Debtor's bankruptcy filing.[1]

On March 9, 2010, an initial case management conference was held in the State Court Action. Counsel for the Respondents advised the state court that the action against the Debtor

---

[1] The Respondents commenced an adversary proceeding against the Debtor on January 12, 2010, seeking a determination that the debts that are the subject of the State Court Action are nondischargeable pursuant to 11 U.S.C. §523(a)(2),(4), and (6). (See Adv. No. 10-018, Doc. #1).

was stayed by her bankruptcy filing.  At the conference, the state court granted the Respondents' motion for leave to file an amended complaint to add additional parties.  (Ex. R-3).

On May 4, 2010, the Respondents filed the Amended Complaint in the State Court Action.  (Ex. M-1).  The Respondents did not serve the Debtor with the Amended Complaint.

The Amended Complaint includes the same eight claims asserted in the Original Complaint, but differs from the Original Complaint in two significant respects.

First, the Amended Complaint added four new defendants:

1. Robert Peterson, alleged to be an individual with a "close personal relationship" to the Debtor;

2. Jaret Gronczewski, alleged to be the Debtor's son;

3. Emery Toth, alleged to be an attorney who is Jaret Gronczewski's father and the Debtor's employer; and,

4. Lexington Investment Properties, LLC ("Lexington").

Second, the Amended Complaint added five new claims:

1. a fraudulent transfer claim relating to a property transferred to Jaret Gronczewsk by either the Debtor or Lexington;

2. a legal malpractice claim against Toth;

3. a breach of contract claim against Toth;

4. a fraud claim against Peterson; and,

5. a successor liability claim against one of the original entity-defendants.

After efforts to convince the Respondents' state court counsel to withdraw the Amended Complaint were unsuccessful, the Debtor, through her counsel, filed the Motion in this court, asserting that the Respondents' filing of the Amended Complaint violated the automatic stay

provision of the Bankruptcy Code, 11 U.S.C. §362(a).

The Debtor requests the court enjoin the Respondents from further prosecuting the State Court Action "to the extent it is on account of an Amended Complaint filed . . . in violation of the automatic stay in this case." (Proposed Order, Doc. # 93-3). The Debtor also seeks an award of counsel fees.[2]

### III.

The Debtor's Motion is premised on two theories. First, the Debtor argues that the Respondents' filing of the Amended Complaint in the State Court Action violated the automatic stay under §362(a)(1) because it constituted a continuation of a judicial action or proceeding against the Debtor. Second, the Debtor asserts that the filing of the Amended Complaint was a

---

[2] As authority for the relief requested, the Debtor cites 11 U.S.C. §362(k), which provides:

> (1) Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.
>
> (2) If such violation is based on an action taken by an entity in the good faith belief that subsection (h) applies to the debtor, the recovery under paragraph (1) of this subsection against such entity shall be limited to actual damages.

(Debtor's Memorandum of Law at 3 n.5) (Doc. # 99).

Because, the Debtor is proceeding under the statutory cause of action for damages found in 11 U.S.C. §362(k) and seeks an injunction, rather than invoking the remedy of contempt, arguably, the Debtor should have commenced an adversary proceeding. See Fed. R. Bankr. P. 7001(1), (7). The Respondents have not objected to the Motion on procedural grounds and I perceive no prejudice to the Respondents in having this dispute litigated as a contested matter rather than as an adversary proceeding and. Therefore, I consider any procedural irregularity waived. See, e.g., In re Zolner, 249 B.R. 287, 292 (N.D. Ill. 2000); In re Granoff, 2006 W L 1997408, at *3-4 (Bankr. E.D. Pa. 2006).

violation of §362(a)(3) as an attempt to obtain or control estate property.

### A.

In support of her first legal theory, the Debtor cites to 11 U.S.C. §362(a)(1), which provides that the commencement of a bankruptcy case operates as a stay of

> the commencement or <u>continuation</u>, including the issuance or employment of process, <u>of a judicial</u>, administrative, or other action or <u>proceeding against the debtor</u> that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. §362(a)(1) (emphasis added).

In the circumstances presented here, I conclude that the filing of the Amended Complaint was not a "continuation" of the Respondents' pre-petition lawsuit against the Debtor.

The foundation for my conclusion is the black letter bankruptcy principle that §362(a) does **not** create a general, automatic stay of a creditor's right to assert claims against related non-debtor parties. <u>Cf.</u> 11 U.S.C. §1301(a) (express statutory stay of actions to collect consumer debts from non-debtor co-obligors). Our Court of Appeals has forcefully articulated this principle: "the automatic stay is not available to non-bankrupt co-defendants of a debtor even if they are in a similar legal or factual nexus with the debtor." <u>Maritime Elec. Co., Inc. v. United Jersey Bank</u>, 959 F.2d 1194, 1205 (3d Cir. 1991); <u>accord</u> <u>Fox Valley Const. Workers Fringe Ben. Funds v. Pride of Fox Masonry and Expert Restorations</u>, 140 F.3d 661, 666 (7th Cir. 1998); <u>Winters By and Through McMahon v. George Mason Bank</u>, 94 F.3d 130, 133 (4th Cir. 1996).

Thus, notwithstanding the commencement of the Debtor's bankruptcy case, the Respondents were within their rights to continue prosecuting their claims against the other, non-

debtor defendants in the State Court Action and to assert claims against any additional defendants that they wished to join in the litigation. The only question is whether, by filing the Amended Complaint, the Respondents also took some further action (<u>i.e.</u>, "continued" the lawsuit in some fashion) against the Debtor.

After comparing the Original Complaint and the Amended Complaint, I find no new claims or requests for relief directed against the Debtor. In the Amended Complaint, the Respondents added new claims, all but one of which were against new defendants. The one new claim raised against an existing defendant was not asserted against the Debtor. Thus, the Amended Complaint did not advance, in any way, the Respondents' claims <u>against the Debtor</u>.

The Debtor may be suggesting that the Respondents took action to "continue" the pending litigation because the Amended Complaint restated the existing claims against the Debtor and carried a caption that included the Debtor's name as a defendant. I am unpersuaded that such an outcome is contemplated or mandated by §362(a)(1). Such a broad reading of the word "continue" is not necessary to achieve the goals of §362(a)(1) and would merely exalt form over substance.

The purpose of §362(a)(1) is to "preserv[e] the status quo" in any pending litigation against a debtor. <u>Taylor v. Slick</u>, 178 F.3d 698, 702 (3d Cir. 1999). As described above, the Respondents' actions were directed entirely against parties other than the Debtor. The filing or content of the Amended Complaint neither "prejudiced [the debtor] or otherwise altered [the debtor's] position" in the litigation. <u>Id</u>; <u>accord</u> <u>In re Christakis</u>, 291 B.R. 9, 17-18 (Bankr. D. Mass. 2003) (giving debtor notice of post-petition addition of new party or substitution of new party for debtor does not violate automatic stay).

In the Motion, the Debtor also states that the filing of the Amended Complaint "prompted the filing of at least one crossclaim" against her. (Motion ¶ 10). That may be. And, it may also true, as the Debtor appears to assume, that the filing of the crossclaim violated the automatic stay. However, the Respondents did not file the crossclaim. The Debtor's point suggests only that some party other than the Respondents may have violated the automatic stay and the Debtor has not presented any reason why the Respondents are legally culpable for the conduct of one of the Debtor's co- defendants in the State Court Action.

For these reasons, I conclude that the Respondents took no action against the Debtor in the State Court Action and did not "continue" a proceeding against the Debtor in violation of §362(a)(1).

**B.**

Section 362(a)(3) provides that the filing of a bankruptcy petition stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." The Debtor's second legal theory is that the Respondents' post-petition institution of a lawsuit against a non-debtor, to recover property that the Debtor allegedly fraudulently transferred, constituted an attempt to obtain possession or control of property of the estate in violation of 11 U.S.C. §362(a)(3).

There is some legal authority that supports the proposition that a creditor's institution or continuation of an action outside the bankruptcy court to set aside a debtor's pre-petition transfer

of property violates 11 U.S.C. §362(a)(3).[3] However, the Debtor cannot prevail on this theory because, in the circumstances presented, she lacks standing to assert that the Respondents violated §362(a)(3).[4]

Section 362(a)(3) is, by its own terms, designed to protect the integrity of the bankruptcy estate pending "either a financial reorganization of the debtor or an orderly liquidation of the assets of the bankruptcy estate." In re Allentown Ambassadors, Inc., 361 B.R. 422, 435-36 (Bankr. E.D. Pa. 2007). As one court observed "property of the estate is itself protected by the

---

[3] The leading decision that supports this theory is In re MortgageAmerica Corp., 714 F.2d 1266 (5th Cir. 1983). In MortgageAmerica, the court, heavily influenced by the Code's fundamental policy favoring the "equality of distribution among creditors," held that a debtor who has fraudulently transferred property pre-petition continues to "have a 'legal or equitable interest[ ]' in the property fraudulently transferred within the meaning of section 541(a)(1) of the Bankruptcy Code." Id. at 1275. From this premise, the court reasoned that an individual creditor's attempt to recover a fraudulent transfer constitutes an attempt to possess or control property of the bankruptcy estate and that actions for the recovery of the debtor's property by individual creditors under state fraudulent transfer laws are stayed under 11 U.S.C. §362(a)(3). Id. at 1276; see also Securities Investor Protection Corp. v. Bernard L. Madoff Investment Securities LLC, 2011 WL 439532, at *10 (Bankr. S.D.N.Y. Feb. 9, 2011) ("usurpation of causes of action belonging to the estate violate §362(a)(3)); Cedarbrook Plaza, Inc. v. Gottfried, 1997 WL 330390, at *5-8  (E.D. Pa. June 6, 1997) (following Mortgage America and collecting cases).

There is, however, a contrary line of cases, described by one court as the "majority view," In re Midland Euro Exchange, Inc., 347 B.R. 708, 717 (Bankr. C.D. Cal. 2006), that has rejected the holding in Mortgage America, concluding instead (based primarily on the plain language of the Bankruptcy Code) that property transferred by the debtor pre-petition becomes estate property only after it has been recovered by the bankruptcy trustee. See In re Colonial Realty Co., 980 F.2d 125, 131 (2d Cir. 1992); In re Fehrs, 391 B.R. 53, 71-72 (Bankr. D. Idaho 2008); In re Feringa, 376 B.R. 614, 625 n. 10 (Bankr. W.D. Mich. 2007); In re Murray, 214 B.R. 271, 278-79 (Bankr. D. Mass. 1997); In re Saunders, 101 B.R. 303 (Bankr. N.D. Fla. 1989). If the second line of cases is correct, a creditor's commencement or continuation of a fraudulent transfer action against a non-debtor does not violate the automatic stay violation, 11 U.S.C. §362(a)(3).

[4] The Respondents did not raise the issue of standing. However, "[q]uestions of standing, if they exist, must be considered sua sponte, as they are akin to subject matter jurisdiction." In re Total Containment, Inc., 2008 WL 682455, at *9 n.11 (Bankr. E.D. Pa. Mar. 25, 2008); see also Elkin v. Fauver, 969 F.2d 48, 52 n.1 (3d Cir.), cert.denied, 506 U.S. 977 (1992); In re Jamuna Real Estate, LLC, 2010 WL 5093380, at *6 (Bankr. E.D. Pa. Dec. 7, 2010).

Bankruptcy Code apart from the protections the Code affords to individual debtors" and "[i]t is a rare case where actions taken against property of the estate affect an individual Chapter 7 debtor personally." In re Copley, 2008 WL 2795139, at *4 (Bankr. S.D. W.Va. June 27, 2008).

Significantly, in the chapter 7 context, the sole legal representative of the bankruptcy estate is the chapter 7 trustee. As a result, many courts have held that "the only party with standing to raise a violation of § 362(a)(3) is the trustee." In re Laux, 181 B.R. 60, 61 (Bankr. S.D. Ill. 1995); accord Wells Fargo Bank, N.A. v. Jimenez, 406 B.R. 935, 941-42 (D.N.M. 2008); In re Young, 439 B.R. 211, 217-18 (Bankr. M.D. Fla. 2010); In re Bucchino, 439 B.R. 761, 774 (Bankr. D.N.M. 2010); In re Cook, 2008 WL 5157847, at *2-3 (Bankr. D.N.M. Sept. 15, 2008); Copley, 2008 WL 2795139, at *4; In re Calvin, 329 B.R. 589, 601 (Bankr. S.D. Tex. 2005).

To resolve this matter, I need not hold broadly that a chapter 7 debtor never has standing to prosecute a §362(a)(3) stay violation. However, in the circumstances presented here, I conclude that the Debtor has not established her standing to raise a §362(a)(3) claim.

As of the commencement of the bankruptcy case, the Debtor did not possess or own any of the property or properties that are the subject of the fraudulent transfer claims raised in the State Court Action. Nor has the Debtor claimed an exemption in any of the property that she allegedly transferred pre-petition.[5] Thus, she is complaining that the Respondents are bringing a

---

[5] In In re Mwangi, 432 B.R. 812, 821-22 (B.A.P. 9th Cir. 2010), the court held that a chapter 7 debtor had standing to prosecute a claim for violation of the stay with respect to estate property which could be claimed as exempt. Other courts disagree. See Buccino, 439 B.R. at 771-72; Young, 439 B.R. at 218. In the present case, it does not appear that the subject property, which is alleged to have been transferred voluntarily by the Debtor, could be claimed as exempt by the Debtor if it were recovered by the chapter 7 trustee and became property of the bankruptcy estate. See 11 U.S.C.
(continued...)

legal action against non-debtor third parties to recover property in which she has claims no interest during the course of her bankruptcy case. Moreover, the Debtor does not assert that, as a chapter 7 debtor, she has any right, independent of the Trustee, to set aside the pre-petition transfers at issue. Given the Debtor's relationship to the transferred property (or perhaps more accurately, the lack thereof), there is simply nothing in the record to suggest the Respondents' initiation or prosecution of fraudulent transfer claims asserted against non-debtor third parties in the State Court Action will have any adverse impact on the Debtor.

The linchpin of standing, in the constitutional sense, is that the party seeking relief "demonstrate exposure to some actual or threatened injury." In re Athos Steel and Aluminum, Inc., 69 B.R. 515, 519 (Bankr. E.D. Pa. 1987) (citing Frissell v. Rizzo, 597 F.2d 840, 844 (3d Cir. 1979), cert. denied, 444 U.S. 841 (1979)). As no actual or threatened injury is present, the Debtor lacks standing to prosecute the claim for the asserted violation of §362(a)(3).

### C.

To avoid any misunderstanding and unnecessary future litigation, I write further, briefly, to clarify the reach and consequence of this decision denying the Debtor's Motion.

The Debtor has not established that the Respondents violated either 11 U.S.C. §362(a)(1)

---

[5](...continued)
§522(g)(1). Therefore, this case does not present the issue whether a potential or actual claim of exemption is sufficient to accord standing to a chapter 7 debtor to remedy an alleged violation of 11 U.S.C. §362(a)(3).

or (a)(3).[6]  Therefore, the Motion will be denied.  This does not necessarily mean, however, that the Respondents are free to pursue their fraudulent transfer claims in competition with or to the detriment of the bankruptcy estate.

While various rationales have been offered by different courts, there is a judicial consensus that the Bankruptcy Code provides that after the commencement of a bankruptcy case, only the bankruptcy trustee may bring an action to avoid a preference or to set aside a pre-petition fraudulent transfer made by the bankruptcy debtor.  "[T]he commencement of bankruptcy gives the trustee the right to pursue fraudulently conveyed assets to the exclusion of all creditors."  Klingman v. Levinson, 158 B.R. 109, 113 (N.D. Ill. 1993); accord Constitution Bank v. DiMarco, 155 B.R. 913, 917-18 (E.D. Pa. 1993); In re Ryan, 2008 WL 4829947, at *3 (Bankr. N.D. Cal. Oct. 29, 2008); In re Integrated Agri, Inc., 313 B.R. 419, 427 (Bankr. C.D. Ill. 2004); Matter of Daniele Laundries, Inc., 40 B.R. 404, 407-08 (Bankr. S.D.N.Y. 1984).[7]  The

---

[6]  The Debtor has not asserted that the Respondents' efforts to set aside an alleged pre-petition fraudulent transfer constituted an attempt "to collect, assess, or recover a claim against the debtor that arose before the commencement of the case" in violation of 11 U.S.C. §362(a)(6) and therefore, I consider that claim to be waived.  I express no opinion regarding the merits of such a claim in this unsettled area of the law.  See In re Bowers, 424 B.R. 594, 595-96 (Bankr. D.D.C. 2010) (discussing whether various types of claims asserted against non-debtors should be treated as actions to collect a pre-petition claim owed by the debtor, for purposes of §362(a)(6)).

[7]  In Daniele Laundries, Judge Lifland explained:

> once a trustee was appointed in the involuntary Chapter 7 bankruptcy cases against the Daniele companies, Best's status, as a party with standing to void transfers as fraudulent conveyances or as defective bulk sales, was impaired by the superseding bankruptcy cases. It is axiomatic that a duly qualified trustee in bankruptcy represents the estate and is the only proper party to maintain any action under Code § 544(b), or the predecessor provision in § 70(e) of the former Bankruptcy Act, and that the creditors of the estate have no right to proceed independently in their own names or on behalf of the estate.

(continued...)

exclusive right of the bankruptcy trustee to assert such claims may even provide a defense to the defendants in the fraudulent transfer action. See DiMarco, 155 B.R. at 918 (due to transferor's bankruptcy filing, plaintiffs lack standing to prosecute fraudulent transfer claim against transferees).

In short, the Respondents' fraudulent transfer claims may not have not been stayed automatically, but they are subject to being stayed by the court through an appropriate proceeding initiated by a party with standing. Here, the Respondents' right to prosecute the fraudulent transfer claims raised in the State Court Action ultimately depends on whether the chapter 7 Trustee has any interest in pursuing those claims and the decisions she makes within the next few months. See Klingman, 158 B.R. at 113 (trustee's exclusive right to maintain fraudulent transfer action is not in perpetuity and individual creditor may resume prosecution of actions "when the trustee no longer has a viable cause of action").[8] In the meantime, if the Respondents' press their claims in state court against the non-debtor parties, the Trustee will have to decide if she considers it necessary to seek relief from this court.

---

[7](...continued)
40 B.R. at 407-08.

[8]     11 U.S.C. §546(a)(1) provides that an action under, inter alia, §544 and §548 may not be commenced later than 2 years after the entry of the order for relief. This voluntary chapter 7 case was commenced on September 15, 2009.

## IV.

For the reasons set forth above, the Debtor's Motion will be denied. An appropriate order will be entered.

Date:  **February 28, 2011**

**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**